**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| GARY L. WISE, | No. EDCV 05-563 (CW) |
| Plaintiff, | DECISION AND ORDER |
| v. | |
| JO ANNE B. BARNHART, Commissioner, Social Security Administration, | |
| Defendant. | |

The parties have consented, under 28 U.S.C. § 636(c), to the jurisdiction of the undersigned Magistrate Judge. Plaintiff seeks review of the Commissioner's denial of disability benefits. As discussed below, the court finds that the Commissioner's decision should be reversed and this matter remanded for further proceedings.

## I. BACKGROUND

Plaintiff Gary Wise was born on April 28, 1958, and was forty-six years old at the time of his latest administrative hearing. [Administrative Record, "AR," 83, 825.] He has a general equivalency ("GED") diploma and past relevant work experience as a maintenance

1

groundskeeper and laborer. [AR 14.]  Plaintiff alleges disability on the basis of neck and back pain, heart problems, somatoform disorder, and pain in the knee and hip. [Id.]

## II.   PROCEEDINGS IN THIS COURT

Plaintiff's complaint was lodged on June 24, 2005, and filed on June 30, 2005.  On January 10, 2006, defendant filed an answer and plaintiff's Administrative Record ("AR").  On June 15, 2006, the parties filed their Joint Stipulation ("JS") identifying matters not in dispute, issues in dispute, the positions of the parties, and the relief sought by each party.  This matter has been taken under submission without oral argument.

## III.   PRIOR ADMINISTRATIVE PROCEEDINGS

Plaintiff applied for disability insurance benefits ("DIB") on December 7, 2001, alleging disability since March 31, 1996. [AR 83.] An administrative hearing was held on May 19, 2003, before Administrative Law Judge John L. Geb. [Transcript, AR 871.] Benefits were denied in an administrative decision dated January 14, 2004. [AR 35.] The Appeals Council remanded for further proceedings on March 26, 2004. [AR 65-65.]  A second hearing was held on September 14, 2004, before Administrative Law Judge Mason D. Harrell (hereinafter "ALJ"). [AR 825.]  Plaintiff appeared with counsel, and testimony was taken from plaintiff, medical expert Michael Kania, medical expert Samuel Landau, and vocational expert Cindy Fioretti. [Id.]  The ALJ denied benefits in a decision dated September 24, 2004. [Decision, AR 22.] When the Appeals Council denied review on May 16, 2005, the ALJ's decision became the Commissioner's final decision. [AR 6.]

## IV.   STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the

Commissioner's decision to deny benefits.  The Commissioner's (or ALJ's) findings and decision should be upheld if they are free of legal error and supported by substantial evidence.  However, if the court determines that a finding is based on legal error or is not supported by substantial evidence in the record, the court may reject the finding and set aside the decision to deny benefits.  See Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001); Tonapetyan v. Halter, 242 F.3d 1144, 1147 (9th Cir. 2001); Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir.  2001); Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999); Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); Moncada v. Chater, 60 F.3d 521, 523 (9th Cir. 1995)(per curiam).

"Substantial evidence is more than a scintilla, but less than a preponderance."  Reddick, 157 F.3d at 720.  It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion."  Id.  To determine whether substantial evidence supports a finding, a court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion."  Id.  "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner.  Reddick, 157 F.3d at 720-721; see also Osenbrock, 240 F.3d at 1162.

### V.   DISCUSSION

**A.   THE FIVE-STEP EVALUATION**

To be eligible for disability benefits a claimant must demonstrate a medically determinable impairment which prevents the claimant from engaging in substantial gainful activity and which is expected to result in death or to last for a continuous period of at

least twelve months.  <u>Tackett</u>, 180 F.3d at 1098; <u>Reddick</u>, 157 F.3d at 721; 42 U.S.C. § 423(d)(1)(A).

Disability claims are evaluated using a five-step test:

> Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Part 404, Subpart P, Appendix 1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

<u>Lester v. Chater</u>, 81 F.3d 821, 828 n.5 (9th Cir. 1995, <u>as</u> <u>amended</u> April 9, 1996); <u>see</u> <u>also</u> <u>Bowen v. Yuckert</u>, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987); <u>Tackett</u>, 180 F.3d at 1098-99; 20 C.F.R. § 404.1520, § 416.920.  If a claimant is found "disabled" or "not disabled" at any step, there is no need to complete further steps.  <u>Tackett</u>, 180 F.3d 1098; 20 C.F.R. § 404.1520.

Claimants have the burden of proof at steps one through four, subject to the presumption that Social Security hearings are non-adversarial, and to the Commissioner's affirmative duty to assist claimants in fully developing the record even if they are represented by counsel.  <u>Tackett</u>, 180 F.3d at 1098 and n.3; <u>Smolen</u>, 80 F.3d at 1288.  If this burden is met, a <u>prima</u> <u>facie</u> case of disability is made, and the burden shifts to the Commissioner (at step five) to

4

prove that, considering residual functional capacity ("RFC")[1], age, education, and work experience, a claimant can perform other work which is available in significant numbers. Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. § 404.1520, § 416.920.

**B.  THE ALJ'S EVALUATION IN PLAINTIFF'S CASE**

Here, the ALJ found that plaintiff had not engaged in substantial gainful activity since his alleged disability onset date (step one); that plaintiff had "severe" impairments, namely degenerative disc disease of the lumbar spine, impingement of the left shoulder, left soleus abscess with foot drop, questionable substance abuse/alcohol dependence, depression not otherwise specified, somatoform disorder, and personality disorder with histrionic and sociopathic features (step two); and that plaintiff did not have an impairment or combination of impairments that met or equaled a "listing" (step three). [AR 15.]  Plaintiff was found to have an RFC for a significant range of light and sedentary work, which would preclude a return to his past work (step four). [AR 21.]  The ALJ adopted the opinion of the vocational expert, who testified that a person with plaintiff's limitations could perform the jobs of bench assembler, assembler of buttons and notions, or optical assembler (step five). [AR 20.] Accordingly, plaintiff was found not "disabled" as defined by the Social Security Act. [Id.]

---

[1] Residual functional capacity measures what a claimant can still do despite existing "exertional" (strength-related) and "nonexertional" limitations. Cooper v. Sullivan, 880 F.2d 1152, 1155 n.s. 5-6 (9th Cir. 1989).  Nonexertional limitations limit ability to work without directly limiting strength, and include mental, sensory, postural, manipulative, and environmental limitations. Penny v. Sullivan, 2 F.3d 953, 958 (9th Cir. 1993); Cooper, 800 F.2d at 1155 n.7; 20 C.F.R. § 404.1569a(c).  Pain may be either an exertional or a nonexertional limitation. Penny, 2 F.3d at 959; Perminter v. Heckler, 765 F.2d 870, 872 (9th Cir. 1985); 20 C.F.R. § 404.1569a(c).

**C.   ISSUES IN DISPUTE**

The parties' Joint Stipulation identifies two disputed issues:

1. Whether the ALJ complied with the remand order of the Appeals Council to reconsider the medical evidence; and
2. Whether the ALJ posed a hypothetical question reflecting all of plaintiff's limitations to the vocational expert.

[JS 2.]

**D.   ISSUE ONE:   THE MEDICAL EVIDENCE**

Following the initial administrative denial of benefits, the Appeals Council remanded for further proceedings for reconsideration of the medical evidence. [AR 64-65.] The Appeals Council order noted that plaintiff's allegations included "side effects from medication of blurred vision and disorientation" and that plaintiff's complaints had not been adequately evaluated. [AR 64.] In the latest administrative decision, the ALJ makes no mention of plaintiff's side effects. Plaintiff argues that this is reversible error. This argument is without merit.

In December 2001, plaintiff wrote in his disability application that he suffered from drowsiness, disorientation, and sleep problems due to taking sertraline and nitroglycerine for his depression and heart problem. [AR 109.] However, the remainder of the 800-page medical record contains virtually no complaint by plaintiff of any medication side effects, other than the possibility of constipation. [AR 542.] In short, "there is no evidence of side effects severe enough to interfere with [plaintiff's] ability to work." Osenbrock, 240 F.3d at 1164 (ALJ did not err in failing to take into account medication side effects of "drowsiness" and "dry mouth" that were mentioned only in passing.). The ALJ complied with the Appeals

Council's order by evaluating plaintiff's substance of plaintiff's subjective complaints, which clearly did not include medication side effects. Thus, this issue does not merit reversal.

However, plaintiff's contention with regard to the medical evidence is well-taken in another respect. In early 2002, plaintiff, a veteran, received an increase in his service-connected compensation from 60 to 70 percent, based on his depression and herniated disc disease of the lumbosacral spine.[2] [AR 808-809.] The VA's decision that plaintiff was 70 percent disabled was entitled to "great weight," and the ALJ could not discount it unless he gave "persuasive, specific, valid reasons for doing so." McCartey v. Massanari, 298 F.3d 1072, 1076 (9th Cir. 2002)(reversing for failing to consider an 80 percent VA rating).

In this case, although the ALJ acknowledged his duty under McCartey, he rejected the VA rating without providing persuasive, specific and valid reasons. [AR 17.] The ALJ did not cite any evidence that plaintiff's depression, back condition and shoulder impingement had appreciably improved, other than the conclusory finding that "claimant's mental condition has improved as long as the claimant is compliant with his medication and does not abuse alcohol." [Id.] On the contrary, the record shows that the severity of plaintiff's symptoms has not abated since the issuance of the VA rating. A psychiatric examination raised the possibility of alcohol abuse but still found that plaintiff "has a history of depression along with several life stressors," including the death of his wife

---

[2] Plaintiff's left shoulder condition was excluded as non-service-related, but it is properly considered for the purpose of Social Security disability. [AR 809.]

7

and homelessness. [AR 428-430.] The evidence further shows that plaintiff's back pain has remained significant, even with the use of a TENS unit and participation in a pain control group, and that the combination of plaintiff's back pain and depression have resulted in a "chronic pain disorder." [AR 240, 259, 262, 295, 306, 359.] Under these circumstances, the cursory dismissal of the VA rating was improper, and remand is required for a proper consideration of the VA's determination.

### E. ISSUE TWO: THE HYPOTHETICAL TO THE VOCATIONAL EXPERT

In Issue Two, plaintiff argues that the hypothetical questions posed to the vocational expert at the administrative hearing failed to account for plaintiff's medication side effects. [JS 3.] This issue is without merit in light of the resolution of Issue One.

### F. REMAND FOR FURTHER PROCEEDINGS

The decision whether to remand for further proceedings is within the discretion of the district court. Harman v. Apfel, 211 F.3d 1172, 1175-1178 (9th Cir. 2000). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. Harman, 211 F.3d at 1179 (decision whether to remand for further proceedings turns upon their likely utility). However, where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. Id. Here, as set out above, outstanding issues remain before a finding of disability can be made. Accordingly, remand is appropriate.

**VI.   ORDERS**

Accordingly, **IT IS ORDERED** that:

1.   The decision of the Commissioner is **REVERSED**.

2.   This action is **REMANDED** to defendant, pursuant to Sentence Four of 42 U.S.C. § 405(g), for further proceedings as discussed above.

3.   The Clerk of the Court shall serve this Decision and Order and the Judgment herein on all parties or counsel.

DATED:   August 7, 2006

```
            _____/s/_____
                   CARLA M. WOEHRLE
                United States Magistrate Judge
```